By the Court.—Sedgwick, J.
The-agreement of the plaintiffs, “to use their best efforts, at their own expense, to collect the said claim in the shortest practicable time,” did not specifically provide for the duration of time through which they were bound to make the efforts. It is very doubtful, at least, whether there was any implied obligation on the part of the defendants, not to empower another agent in the same business. Assuming that there was, there was no time specified in which they were to allow the plaintiffs to act as sole agents. Therefore, the one could only claim a reasonable time, i. e., a period to be fixed according to the circumstances, in which to collect the claim, and the other had the right, after this reasonable time, to proceed in his own way by other agents to collect the claim. This limitation as to time was a part of the contract as matter of law, and the power was not revocable because of the lapse of time but then expired.
After the defendants omitted to sign and return the memorial sent to them December 11, 1872, the plaintiffs did nothing in act or word for two years. This want of action was not due to the defendants retaining *400 the memorial. There was nothing to be done, and the memorial would have served no other purpose than was accomplished by filing the abstract of the claim in the State department. I am of opinion, that after so much time, the agreement was at an end. It is also manifest, from the circumstances, that not only had the time which the law provided passed, but that the plaintiffs had ceased their efforts, and could not have," through the two years, done any service which would have had any effect in prosecuting the claim or securing its success. So far as the testimony shows, or we may judge from the character of the case, there was , nothing to be done. The defendants, therefore, had the right, which they used, of employing another attorney, and the plaintiffs’ refusal to recognize this right.did not affect its validity.
If this conclusion were not correct,- the combination of considerations in the case, viz.: the lapse of time, the agents going into liquidation, the' change in the intrinsic character of the claim, from a claim against some government, resting upon general principles of international obligation, to ■ a claim against a fund, which was not brought, into existence by any effort of the plaintiffs, would convince me that the agreement had expired by its own limitations before the time, in 1874, when the plaintiffs, without request of defendants, attempted to begin a new prosecution of the claim for damages.
The judgment should be reversed, and a new trial ■ ordered, with costs of appeal to appellant to abide the event of the action.
Fkeedman, J., concurred.